A. R. WILLIAMS *v.* W. L. PORTER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—527, 533.]

**Rights Under a Title Bond.**

> Where one holds a title bond covering two tracts of land, no separate price being made for each but one price for all, he is entitled to all of the property and can not be required to accept only a part of it for a reduced price.

**Pleading Confessed by Not Being Denied.**

> Where facts are averred in a cross-complaint and not denied proof is not required to show them, for the failure to deny them amounts to a confession of their truthfulness.

## APPEAL FROM METCALF CIRCUIT COURT.

January 19, 1886.

OPINION BY JUDGE HOLT:

The appellant, A. R. Williams, purchased of Rousseau by title bond one tract of land which the latter owned in his own right, and another adjoining it, which he sold as the agent of Sanford, Duncan & Co. The purchases were not separate, but evidenced by one title bond, which stipulated that Rousseau would make or cause to be made a good title to the land. The amount of purchase-money for each tract was not distinguished in the bond, but it appears from the testimony that the Duncan & Co. land was rated at $300 and the Rousseau land at $1,100. A portion of the purchase-money was made payable on the first of January following, and five notes for $200 each executed to Rousseau for the balance.

One of them having been assigned to W. L. Porter, he brought suit upon it, while one Morris brought another action upon two of them that had been assigned to him. The appellant made no question as to the title to the Rousseau land, but alleged that a good title could not be made to the Sanford, Duncan & Co. land because one of the Duncans was dead, and one of his heirs, Malcolm Duncan, was an infant. He also alleged that the last named land had once belonged to one Thomas Letcher, and that the deed to him from one Keel, who was an intermediate vendor, did not embrace twenty-five acres of the land which Rousseau as agent had sold to the appellant.

It appears from the commissioner's report of sale, however, that Malcolm Duncan has since he arrived at his majority, ratified by a deed the sale by Rousseau; and this objection of the appellant is not therefore available. The answer of Williams was made a cross-petition against Rousseau; and the latter in his answer to it asserted two of the purchase-money notes that he yet held. It is now urged that a counterclaim or a set-off can not be asserted in answer to a cross-petition, but only to an original petition. It was, however,

filed without objection and responded to by the appellant; and in fact no objection was ever made to it in the lower court; and we think the objection, if valid, comes too late. No process was necessary upon it against the appellant because he had brought Rousseau into court. The answer of the latter was made a cross-petition against the Letcher heirs; and it is alleged in it that if the twenty-five acres are not embraced by the deed to Keel it was so intended, and that it had been left out by mistake, as it was in fact sold to Keel, and it was asked that the deed be corrected.

It does not satisfactorily appear whether Keel and Sanford, Duncan & Co. and the heirs of the latter have been in possession of the twenty-five acres for fifteen years or not. But if so they have been claiming under the Letcher title. The court below found that the Keel deed did not embrace it; and although one of the Letcher heirs, named Robert Letcher, had not been brought before the court, and although the title of the balance of them had not been made to said twenty-five acres, yet the court adjudged a sale of all the land or as much as might be necessary to pay the purchase-money, but ordered the Letcher heirs, who were before the court, to make title by the next term of the court, and provided that if they did not do so it would then do so by its commissioner. It also provided that $40 of the judgment should be held back and not enforced on account of Robert Letcher's interest to meet an abatement of the judgment to be thereafter made for its value if his title was not obtained.

The judgment was premature and erroneous both as to the interest of Robert and in decreeing a sale before the title of the other Letcher heirs had in fact been made. Before the next term of the court one or more of them might have died. Moreover the appellant had bought the entire tract and he was not bound, unless he chose to do so, to own it in common with Robert Letcher and accept a reduction of the price pro tanto. It was alleged in the cross-petition of Rousseau that the persons therein named were the Letcher heirs, and as this was not denied it was not necessary to show it by testimony or that those named were the only heirs; but before rendering a judgment for the land the court should have required the title to be perfected or have rescinded the purchase upon proper equitable terms, and the judgment is *reversed* for further proceedings in conformity to this opinion. Judge Lewis not sitting.

*J. W. Compton, for appellant.*

*Porter and McQuown, for appellees.*